IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO  00-6108 CIV-ZLOCH

THE TERMINIX INTERNATIONAL
COMPANY, L.P. and TERMINIX
INTERNATIONAL, INC.,

    Plaintiffs.

v

BROAD AND CASSEL, P.A. and
MICHAEL P. BENNETT, individually,

    Defendants.

_____/

## MEMORANDUM OF LAW IN SUPPORT
## OF MOTION TO DISMISS COMPLAINT

The Defendants, Michael P. Bennett and Broad and Cassel, P.A. (hereinafter "Bennett" and "Broad," respectively), submit this memorandum of law pursuant to Rule 7.1(A)(1) of the Local Rules of the U.S. District Court for the Southern District of Florida, in support of their motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## I.   THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

The complaint purports to assert claims against Bennett and Broad for legal malpractice, breach of fiduciary duty, breach of contract, negligent supervision, and fraud. As set forth below, the complaint does not state a claim for relief on any of these theories, and therefore should be dismissed.

　
CASE NO. 00-6108 CIV-ZLOCH

## A.     The Complaint Fails to State a Claim for Legal Malpractice

The counts of the complaint are variously titled, but are all based on the same factual allegations and are all in essence one claim—for legal malpractice by Bennett and Broad during the course of their representation of Terminix. The elements of a cause of action for legal malpractice are well-established in Florida law: (1) the attorney's employment; (2) the attorney's neglect of a reasonable duty; and (3) that the attorney's negligence proximately caused loss to the client. Sure Snap Corp. v. Baena, 705 So.2d 46, 48 (Fla. 3d DCA 1997), review denied, 719 So.2d 288 (Fla. 1998). In the present case, it is clear from the allegations of the complaint that Bennett's and Broad's negligence, if any, did not proximately cause[1] any damage to Terminix, and therefore Terminix has no claim for attorney malpractice against Bennett and Broad.

### 1.     Bennett's and Broad's Failure to Object to the San Pedros' Motion for Leave to Amend their Complaint Was Not Negligent and Did Not Proximately Cause any Damage to Terminix

Terminix asserts that Bennett was negligent in failing to object to the San Pedros'

---

[1]     Although all are based on the same factual allegations, Terminix variously titles its claim "legal malpractice," "breach of fiduciary duty/constructive fraud," "breach of contract," "negligent supervision," and "fraud/misrepresentation." Each of these claims, however, has an element damage proximately caused by a breach of duty. See Mettler, Inc. v. Ellen Tracy, Inc., 648 So.2d 253, 255 (Fla. 2d DCA 1994) (breach of contract and fraud); Baggett v. Electricians Local 915 Credit Union, 620 So.2d 784, 786 (Fla. 2d DCA 1993) (breach of fiduciary duty and misrepresentation); Perry v. Cosgrove, 464 So.2d 664, 666 (Fla. 2d DCA 1984) (fraud); Lake Parker Mall, Inc. v. Carson, 327 So.2d 121, 123 (Fla. 2d DCA 1976), cert. denied, 344 So.2d 323 (Fla.1977) (negligence).

2

CASE NO. 00-6108 CIV-ZLOCH

Broad to object to that amendment. At the time the motion for leave to amend [DE16][2] was filed by the San Pedros, the San Pedro v. Terminix action had been pending only six months, was not set for trial, and no previous amendment to the complaint had been sought. The proposed amendment did not change the nature of the plaintiffs' claims or the relief demanded, but merely added two paragraphs [paragraphs 9 and 10 of First Amended Complaint, attached to DE16] relating to Terminix's allegedly fraudulent conduct. While Terminix contended that these allegations were not true, and these allegations were denied in the answer filed by Bennett, [DE45], there was no good-faith basis on which Bennett and Broad could object to the requested amendment.

Under the Federal Rules of Civil Procedure, leave to amend shall be "freely given when justice so requires." Fed.R.Civ.P. 15(a). As held by the Eleventh Circuit Court of

---

[2]       The complaint makes extensive reference to particular documents filed in San Pedro v. Terminix, Case No. 95-CV-8204-Gonzalez. Bennett and Broad therefore request that the Court take judicial notice of the docket sheet and other contents of that file. See Fed. R. Evid. 201; Cash Inn of Dade, Inc. v. Metropolitan Dade County, 938 F.2d 1239, 1243 (11th Cir. 1991) (court may take judicial notice of records in same or related case); Allen v. Newsome, 795 F.2d 934, 938 (11th Cir. 1986) (same); Kinnett Dairies, Inc. v. Farrow, 580 F.2d 1260, 1277 n.33 (5th Cir. 1978) (appropriate for court to take judicial notice of court file in prior related Proceeding); State of Florida Board of Trustees of the Internal Improvement Trust Fund v. Charley Toppino & Sons, Inc., 514 F.2d 700, 704 (5th Cir. 1975) (same); Aloe Creme Laboratories, Inc. v. Francine, Inc., 425 F.2d 1295, 1296 (5th Cir. 1970) ("The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time."); In re Steeley, 243 B.R. 421 n.10 (Bankr. N.D. Ala. 1999) (court may take judicial notice of its own records); Cagan v. Intervest Midwest Real Estate Corp., 774 F.Supp. 1089, 1091 n.1 (N.D. Ill. 1991) (same); In re Aerial Transit Company, 190 B.R. 464, 467 (Bankr. S.D. Fla. 1996) (same); Insurance Co. of N. Am. v. National Steel Serv. Ctr., Inc., 391 F.Supp. 512, 518 (N.D. W.Va. 1975), aff'd, 529 F.2d 515 (4th Cir. 1976). References to specific docket entries in the San Pedro case will be cited herein as [DE___].

CASE NO. 00-6108 CIV-ZLOCH

Appeals, "In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be 'freely given.'" McKinley v. Kaplan, 177 F.3d 1253, 1258 (11th Cir. 1999) (quoting Foman v. Davis, 371 U.S. 178, 182, 83 (1962)). Given this liberal standard applicable to requests for leave to amend, it was patently not negligent for Bennett and Broad to fail to object to the San Pedros' motion for leave to amend their complaint, and in fact it would have constituted an abuse of discretion for the court to have denied the San Pedros' motion even if Bennett and Broad had opposed it. Indeed, the first scheduling order [DE 24] entered in the San Pedro v. Terminix case, shortly after the motion to amend was filed, included the statement that both plaintiffs and defendants were permitted to amend their pleadings within sixty and ninety days, respectively. Therefore, the San Pedros could at that point have simply filed their first amended complaint without awaiting leave of court to do so, thus it cannot have been negligent for Bennett and Broad to decline to object to that amendment at that point.

A lawyer's failure to assert an argument or defense cannot constitute malpractice where it is clear as a matter of law that the argument or defense would not have succeeded, because the necessary element of causation is then absent. See Sure Snap, 705 So.2d at 49; Hatcher v. Roberts, 478 So.2d 1083, 1087 (Fla. 1st DCA 1985), review denied, 488 So.2d 68 (Fla. 1986); Daugert v. Pappas, 704 P.2d 600, 2603-04 (Wash.

4

CASE NO. 00-6108 CIV-ZLOCH

1985) (cited in Oteiza v. Braxton, 547 So.2d 948, 949 (Fla. 3d DCA 1989), review denied, 560 So.2d 232 (Fla. 1990)). Since it is obvious that the San Pedros were permitted to amend their complaint, whether Terminix objected or not, it cannot as a matter of law be said that Bennett's and Broad's failure to make such an objection caused any damage to Terminix.

> **2.    Bennett's Failure to Timely Respond to the San Pedros' Discovery Requests and to Comply with the Court's Discovery Orders Did Not Proximately Result in any Damage to Terminix**

The primary allegations of negligence on the part of Bennett and Broad relate to Bennett's failure to respond to various discovery requests in a complete or timely manner, which resulted in the entry of motions to compel against Terminix. However, even if taken as true, the allegations of the complaint demonstrate that there was no injury to Terminix proximately caused by Bennett's conduct, and therefore there is no actionable negligence as a matter of law.

Bennett's and Broad's involvement in discovery in the San Pedro v. Terminix action culminated in the entry of an order on July 16, 1996 [DE 57], which order required that the outstanding discovery orders be complied with within thirty days, or by August 15, 1996. According to the allegations of the complaint in this case, Terminix fired Bennett and Broad on August 14, 1996, and on August 15, 1996, new counsel appeared in the San Pedro action on behalf of Terminix. [DE58]. From that point, Bennett and Broad had no further involvement in the San Pedro litigation.

5

CASE NO. 00-6108 CIV-ZLOCH

Immediately upon firing Bennett and Broad. Terminix's new counsel filed a motion for rehearing of the July 16, 1996 order. [DE60]. While the court denied the motion for rehearing, it did grant Terminix additional time, up to September 9, 1996, in which to comply with the July 16, 1996 order. [DE64]. While Terminix, through its new counsel, filed responses to the outstanding discovery requests on September 9, 1996[3] [DE69], these were met on September 10, 1996 by a motion filed by the San Pedros for default, asserting as a basis that the discovery responses filed by Terminix's new counsel were inadequate. [DE70].

On February 11, 1997, six months after Terminix fired Bennett and Broad, the court entered a default against Terminix. [DE83]. The February 11, 1997 order specifically indicated that it was based on the conduct of Terminix and its new counsel and granted the San Pedros' September 10, 1996 motion for default, which motion was filed on the basis of the inadequacy of the discovery responses filed by Terminix's new counsel.

Terminix concedes that the discovery responses filed by its new counsel on September 9. 1996 were not in compliance with the court's orders, and asserts that this noncompliance was due to Terminix's new counsel's having not had adequate time to prepare compliant responses. [Complaint ¶ 69]. However, by the time the default was entered against Terminix on February 11, 1997, almost six months had elapsed since

---

[3]    While the complaint in this case alleges that the discovery responses were filed on September 6, 1996, the docket sheet for the San Pedro case indicates a filing date of September 9, 1996.

CASE NO. 00-6108 CIV-ZLOCH

Terminix had fired Bennett and Broad and retained new counsel, and yet the record in the San Pedro case reflects no attempt by Terminix to bring itself into compliance.  It is thus clear from the record in the San Pedro case and the language of the February 11, 1997 order itself, that the entry of the default was not the result of Bennett's and Broad's conduct but of Terminix's and its new counsel's failure to comply with the court's orders despite ample opportunity to do so   In fact. such amended supplemental responses to the San Pedros' discovery were not filed by Terminix's new counsel until May 5, 1997   [DE90-91]

Where a client discharges his attorney and replaces him with another, the discharged attorney is not responsible for his client's or his client's new counsel's failure to meet future deadlines, where adequate time remained for the new counsel to do so. See Chipman v. Chonin, 597 So.2d 363, 364 (Fla. 3d DCA 1992); Frazier v. Effman, 501 So.2d 114, 116 (Fla. 4th DCA 1987); Preferred Equities Corp. v. Rosen, 444 So.2d 52, 53 (Fla. 3d DCA 1984); also Stekete v. Lintz, Williams & Rothberg, 694 P.2d 1153, 1159 (Cal. 1985) (cited by Frazier, 501 So.2d at 115); Shelley v. Hansen, 53 Cal.Rptr. 20, 23 (Cal. App. 1966) (cited by Frazier, 501 So.2d at 116).

Here, at the time Bennett and Broad were dismissed by Terminix, no sanctions had been entered against Terminix, and such sanctions could have been avoided had Terminix, through its new counsel, provided the necessary discovery.  They did not do so for a period of almost nine months, after the court had already entered the default against Terminix.  Under those facts, which are reflected by the complaint and the portions of the San Pedro record referred to therein, demonstrate that as a matter of law such default was

7

CASE NO. 00-6108 CIV-ZLOCH

not proximately caused by Bennett and Broad.

Moreover, the court in <u>San Pedro</u> subsequently determined that the default was "unduly harsh" and "improvidently imposed" and set the default aside, by order dated January 22, 1998. [DE124]. A subsequent order clarifying the January 22, 1998 order added that the entry of the default was a "mistake." [DE129]. A lawyer is not liable for injury to a client caused by judicial error or mistake. See <u>Pennsylvania Ins. Guar. Ass'n v. Sikes</u>, 590 So.2d 1051, 1053 (Fla. 3d DCA 1991). Bennett and Broad cannot as a matter of law be deemed to have proximately caused the entry of a default which the court itself later ruled should not have been entered.

### 3.    Bennett and Broad Did Not Proximately Cause Terminix to Settle the *San Pedro* Case for an Excessive Amount

It is also patently clear from the allegations of the complaint and the record in the <u>San Pedro v. Terminix</u> case that none of Bennett's and Broad's actions or inactions in that case in any way compromised or jeopardized any defenses available to Terminix. Terminix moved for summary judgment on both of the claims set forth in the San Pedros' first amended complaint, i.e., fraud and negligence. [DE92]. By the same January 22, 1998 order, the court granted that motion on the basis that the economic loss rule barred those claims. [DE124]. Bennett and Broad had asserted the economic loss doctrine as a defense in the answer filed by Bennett to the amended complaint. [DE45]. After granting summary judgment for Terminix on the San Pedros' tort claims, the court allowed the San Pedros leave to amend to assert a claim for breach of contract only. [DE124]. The San

8

CASE NO. 00-6108 CIV-ZLOCH

Pedros subsequently did file a second amended complaint alleging such a claim. [DE130], and Terminix successfully moved to dismiss two of the three counts of that complaint. [DE150]. The San Pedros then filed a third amended complaint alleging breach of oral contract only. [DE152].

As neither of the tort claims under which the San Pedros were proceeding at the time Bennett and Broad were involved in that case survived the motion for summary judgment, there is no merit to any contention that Bennett's and Broad's conduct caused Terminix's defenses to those claims to be lost or compromised in any way. The San Pedro v. Terminix action was settled at mediation on November 17, 1998, [DE155], for the sum of $60,000. [Complaint ¶ 78]. That was two years and three months after Bennett and Broad were discharged by Terminix, and constituted a settlement of a claim by the San Pedros that had not even been asserted at the time Bennett and Broad were involved in the case.

Nothing that Bennett or Broad did or did not do in the first six months that the San Pedro action was pending prevented Terminix from later obtaining summary judgment on the San Pedros' tort claims or from preparing a defense to the San Pedros' contract claim. See Chipman, 597 So.2d at 364; Frazier, 501 So.2d at116; Preferred Equities Corp., 444 So.2d at 53; Stekete, 694 P.2d at1159; Shelley, 53 Cal.Rptr. at 23. It is clear that any loss to Terminix as a result of the settlement with the San Pedros was not proximately caused by Bennett and Broad.

9

CASE NO. 00-6108 CIV-ZLOCH

**B.    The Complaint Fails to Allege Fraud With Particularity**

Rule 9(b) of the Federal Rules of Civil Procedure requires, "In all averments of fraud . . . the circumstances constituting fraud or mistake shall be stated with particularity." The facts that Terminix sets forth in its so-called fraud count [Complaint pp. 26] are identical to the facts on which the other counts are based. In fact, while the counts of the complaint have various titles, the facts on which they are based are identical. The factual allegations of the complaint set forth a sequence of events in which Bennett and Broad on numerous occasions missed deadlines for providing discovery and responding to discovery motions in the San Pedro case. Bennett and Broad are also alleged to have failed to keep Terminix advised, or to have advised it in a tardy manner, of what was happening in the case. [Complaint ¶¶ 14-53]. These allegations, while they do describe a neglectful and inattentive course of conduct, cannot in good faith be characterized as fraud, regardless of the adjectives used in the complaint.

Terminix's mere conclusory statements that the same events which constituted ordinary attorney malpractice also constituted fraud is not enough to satisfy the requirements of rule 9(b). See Lafayette Corp. v. Bank of Boston Int'l South, 723 F.Supp. 1461, 1467 (S.D. Fla. 1989); Bankest Imports, Inc. v. ISCA Corp., 717 F.Supp. 1537, 1541 (S.D. Fla. 1989). Counts II and V of the complaint must therefore be dismissed.

**C.    No Basis for Punitive Damages is Alleged in the Complaint**

There is absolutely no basis for Terminix's claim for punitive damages in this case. The Florida Supreme Court has described the showing needed to justify an award of

10

CASE NO. 00-6108 CIV-ZLOCH

punitive damages as follows:

> [T]he character of negligence necessary to sustain a
> conviction for manslaughter is the same as that required to
> sustain a recovery for punitive damages. . . . There is a real
> affinity between the character (or kind or degree) of
> negligence necessary to recover punitive damages or to
> sustain or warrant a conviction of manslaughter. Both have,
> as a basic purpose, the punishment of the offender. The
> offender in a manslaughter action may be deprived of his
> liberty or property by the State while the offender in an action
> for that kind of negligence justifying the imposition of punitive
> damages is deprived of his property—not as compensation to
> the injured party but as punishment—ergo, both are punishment
> and partake of public wrongs, to a greater or lesser degree.
>
> . . . . The character of negligence necessary to sustain
> an award of punitive damages must be of a "gross and flagrant
> character, evincing reckless disregard of human life, or the
> safety of persons exposed to its dangerous effects, or there is
> that entire want of care which would raise the presumption of
> a conscious indifference to consequences, or which shows
> wantonness or recklessness, or a grossly careless disregard
> of the safety and welfare of the public, or that reckless
> indifference to the rights of others which is the equivalent to an
> intentional violation of them."

White Construction Co. v. Dupont, 455 So.2d 1026, 1028-29 (Fla. 1984) (citations

omitted). A showing of gross negligence alone is not a sufficient basis for an award of

punitive damages. Id. at 1028; Solodky v. Wilson, 474 So.2d 1231, 1232 (Fla. 5th DCA

1985).

It is clear from the case law that ordinary attorney malpractice, even if characterized

by gross negligence, does not justify the imposition of punitive damages. Solodky, 474

So.2d at 1232-33; Duckworth v. Brookman, 483 So.2d 881, 882 (Fla. 3d DCA 1986)

(attorney whose negligence resulted in default against client not liable for punitive

11

CASE NO. 00-6108 CIV-ZLOCH

damages). In this case the complaint alleges a series of lapses by Bennett and Broad in their obligations to meet deadlines imposed by the rules and court orders in the <u>San Pedro</u> case and to communicate with their client in a timely manner regarding those deadlines. Such allegations, even if they are properly characterized as negligence or even gross negligence, do not rise to the level of the sort of egregious and outrageous conduct for which an award of punitive damages my be imposed. Terminix's demand for punitive damages in this case must therefore be stricken

### D.   No Basis for an Award of Attorneys' Fees Under Florida Statutes Section 57.105(1) is Alleged

Where a case presents issues of fact or law which are "manifestly justiciable," no award under <u>Florida Statutes</u> Section 57.105(1) is appropriate. <u>Cisneros v. Tarafa</u>, 418 So.2d 338, 338 (Fla. 3d DCA 1982). Where a party presents a good-faith, soundly-based argument in a case, an award of attorney's fees under section 57.105(1) is unavailable, regardless of the ultimate outcome of the case. <u>Carnival Leisure Indus., Ltd. v. Holzman</u>, 660 So.2d 410, 412 (Fla. 4th DCA 1995). An award under that section requires a finding that each and every claim or defense advanced by a litigant was completely untenable both factually and legally. <u>Remova Pool Fence Co. v. Roth</u>, 647 So.2d 1022, 1024-25 (Fla. 4th DCA 1994).

In this case, it is overwhelmingly obvious that Bennett and Broad have substantial defenses to Terminix's claims. Therefore, regardless of whether or not Bennett and Broad prevail in this case, either on this motion or at a later point, it is clear as a matter of law that Terminix will never be entitled to an award of attorneys' fees under <u>Florida Statutes</u>

12

CASE NO. 00-6108 CIV-ZLOCH

Section 57.105(1), and Terminix's claim for such fees should therefore be stricken.

## II.    **CONCLUSION**

On the basis of the arguments and authorities set forth below, Bennett and Broad

request that the Court dismiss the complaint for failure to state a claim upon which relief

can be granted, and that Terminix's demands for punitive damages and for attorneys' fees

under Florida Statutes Section 57.105(1) be stricken.

> MITRANI, RYNOR, ADAMSKY
>  MACAULAY & ZORRILLA, P.A.
> 2200 SunTrust International Center
> One Southeast Third Avenue
> Miami, Florida 33131
> Tel.:  305/358-0050
> Fax:  305/358-0550
>
> By:_____
>
>     ISAAC J. MITRANI
>     Fla. Bar No. 348538
>     PAMELA A. CHAMBERLIN
>     Fla. Bar No. 444006
>     Attorneys for Defendants
>     Broad and Cassel, P.A. and
>     Michael P. Bennett

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was furnished by mail this _15_ day of February,

2000, to Myles H. Malman, Esq., Malman & Associates,12955 Biscayne Boulevard, Suite

202, N. Miami, FL  33181, and Mary L. Wolff, Esq., Wolff Ardis, P.C., 6055 Primacy

Parkway, Suite 360, Memphis, TN 38119, Attorneys for Plaintiffs.

_____
            Isaac J. Mitrani

13

# ADDITIONAL

# ATTACHMENTS

# NOT

# SCANNED

PLEASE REFER TO COURT FILE