UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FORT LAUDERDALE DIVISION

CASE NO.  00-6108-CIV-ZLOCH

MAGISTRATE BARRY S. SELTZER

THE TERMINIX INTERNATIONAL COMPANY,
L.P. and TERMINIX INTERNATIONAL, INC.,

    Plaintiffs

v.

BROAD AND CASSEL, P.A. and
MICHAEL P. BENNETT, Individually,

    Defendants.

_____/



## NOTICE OF FILING CORRECTED PAGE 3 OF
## MEMORANDUM OF LAW IN SUPPORT
## OF MOTION TO DISMISS COMPLAINT

Defendants, Michael P. Bennett and Broad and Cassel, P.A. (hereinafter "Bennett" and "Broad," respectively), through undersigned counsel, hereby file the attached corrected page 3 of their memorandum of law in support of motion to dismiss complaint, which was filed with the Court and served upon Plaintiffs on February 15, 2000.  (Due to computer error, the first sentence of page 3 was omitted in the original memorandum.)

MITRANI, RYNOR, ADAMSKY,
  MACAULAY & ZORRILLA, P.A.
One Southeast Third Avenue
2200 SunTrust International Center
Miami, FL  33131
Tel:  305/358-0050
Fax:  305/358-0550

By:_____
    Isaac J. Mitrani
    Florida Bar No.  348538

CASE NO.  00-6108-CIV-ZLOCH

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by mail this 22 day of February, 2000, to Myles H. Malman, Esq., Malman & Associates, 12955 Biscayne Boulevard, Suite 202, North Miami, FL 33181, and Mary L. Wolff, Esq., Wolff Ardis, P.C., 6055 Primacy Parkway., Suite 360, Memphis, TN 38119, Attorneys for Plaintiffs.

Isaac J. Mitrani

broad/terminix/pldg/corrected page 3

-2-

CASE NO. 00-6108 CIV-ZLOCH

first motion for leave to amend their complaint. In fact, there was no basis for Bennett and

Broad to object to that amendment  At the time the motion for leave to amend [DE16][2] was

filed by the San Pedros, the San Pedro v. Terminix action had been pending only six

months, was not set for trial, and  no previous amendment to the complaint had been

sought. The proposed amendment did not change the nature of the plaintiffs' claims or the

relief demanded. but merely added two paragraphs [paragraphs 9 and 10 of First Amended

Complaint  attached to DE16] relating to Terminix's allegedly fraudulent conduct  While

Terminix contended that these allegations were not true, and these allegations were

denied in the answer filed by Bennett, [DE45], there was  no good-faith basis on which

Bennett and Broad could object to the requested amendment.

Under the Federal Rules of Civil Procedure, leave to amend shall be "freely given

when justice so requires." Fed.R.Civ.P. 15(a).  As held by the Eleventh Circuit Court of

---

[2]      The complaint makes extensive reference to particular documents filed in San Pedro v. Terminix, Case No. 95-CV-8204-Gonzalez.  Bennett and Broad therefore request that the Court take judicial notice of the docket sheet and other contents of that file.  See Fed. R. Evid. 201; Cash Inn of Dade, Inc. v. Metropolitan Dade County, 938 F.2d 1239, 1243 (11th Cir. 1991) (court may take judicial notice of records in same or related case); Allen v. Newsome, 795 F.2d 934, 938 (11th Cir. 1986) (same);  Kinnett Dairies, Inc. v. Farrow, 580 F.2d 1260, 1277 n.33 (5th Cir. 1978) (appropriate for court to take judicial notice of court file in prior related Proceeding); State of Florida Board of Trustees of the Internal Improvement Trust Fund v. Charley Toppino & Sons, Inc., 514 F.2d 700, 704 (5th Cir. 1975) (same); Aloe Creme Laboratories, Inc. v. Francine, Inc., 425 F.2d 1295, 1296 (5th Cir. 1970) ("The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time."); In re Steeley, 243 B.R. 421 n.10 (Bankr. N.D. Ala. 1999) (court may take judicial notice of its own records); Cagan v. Intervest Midwest Real Estate Corp., 774 F.Supp. 1089, 1091 n.1 (N.D. Ill. 1991) (same); In re Aerial Transit Company, 190 B.R. 464, 467 (Bankr. S.D. Fla. 1996) (same); Insurance Co. of N. Am. v. National Steel Serv. Ctr., Inc., 391 F.Supp. 512, 518 (N.D. W.Va. 1975), aff'd, 529 F.2d 515 (4th Cir. 1976). References to specific docket entries in the San Pedro case will be cited.