IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6108 CIV-ZLOCH

THE TERMINIX INTERNATIONAL
COMPANY, L.P. and TERMINIX
INTERNATIONAL, INC.,

    Plaintiffs,

v.

BROAD AND CASSEL, P.A. and
MICHAEL P. BENNETT, individually,

    Defendants.
_____/



### DEFENDANTS' RENEWED[1] MOTION TO DISMISS COMPLAINT

The Defendants, Michael P. Bennett and Broad and Cassel, P.A., (hereinafter "Bennett" and "Broad," respectively), hereby move the Court to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure,[2] and as grounds therefor state:

---

[1] These Defendants had previously moved to dismiss by motion dated February 15, 2000. By order dated February 17, 2000, the Court denied the motion without prejudice, because the Defendants had failed to supply stamped, self-addressed envelopes. Undersigned counsel is aware of Local Rule 7.1(A)(4), and had thought his office had supplied envelopes to the Clerk. Any failure to comply with this rule was inadvertent, and counsel regrets and apologizes for any inconvenience caused by this omission. Stamped, self-addressed envelopes have been stapled to the copy of this motion filed with the Clerk.

[2] Although Bennett and Broad strongly believe this motion is meritorious and should be granted, Bennet and Broad also move the Court to allow them to serve their answer to the complaint within ten days of any order denying this renewed motion.



CASE NO. 00-6108 CIV-ZLOCH

1. The complaint fails to state a claim upon which relief can be granted.

2. The complaint fails to adequately allege the required element of damage to Terminix proximately caused by Bennett's and Broad's alleged malpractice.

3. The complaint fails to allege with the requisite particularity any facts and circumstances constituting fraud.

4. The complaint fails to allege any conduct on the part of Bennett and Broad that would support an award of punitive damages.

5. Because Bennett and Broad have substantial defenses to Terminix's claims, Terminix is not as a matter of law entitled to attorneys' fee pursuant to Florida Statutes Section 57.105(1).

6. Bennett and Broad respectfully rely on their memorandum of law served on February 15, 2000, in support of this renewed motion.[3]

Respectfully submitted,

MITRANI, RYNOR, ADAMSKY,
 MACAULAY & ZORRILLA, P.A.
2200 SunTrust International Center
One Southeast Third Avenue
Miami, Florida 33131
Tel.: 305/358-0050
Fax: 305/358-0550

By: _____
ISAAC J. MITRANI
Florida Bar No. 348538

---

[3] On February 22, 2000, Defendants filed a notice of correction as to page 3 of the memorandum.

2

CASE NO. 00-6108 CIV-ZLOCH

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was furnished by fax and mail this 23 day of February, 2000, to Myles H. Malman, Esq., Malman & Associates, 12955 Biscayne Boulevard, Suite 202, N. Miami, FL 33181, Attorneys for Plaintiffs, and Mary L. Wolff, Esq., Wolff Ardis, P.C., 6055 Primacy Parkway., Suite 360, Memphis, TN 38119, Attorneys for Plaintiffs.

Isaac J. Mitrani

broad/terminix/pldg/renewed motion dismiss