UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6108-CIV-ZLOCH

THE TERMINIX INTERNATIONAL
COMPANY., L.P. and TERMINIX
INTERNATIONAL, INC.,

    Plaintiffs,

vs.

BROAD AND CASSEL, P.A. and
MICHAEL P. BENNETT, individually,

    Defendants.
_____/

O R D E R



THIS MATTER is before the Court upon the Defendants, Broad and Cassel, P.A. and Michael P. Bennett's Renewed Motion To Dismiss Complaint (DE 11). The Court has carefully reviewed the merits of said Renewed Motion and is otherwise fully advised in the premises.

The Court notes that only a generalized statement of facts needs to be set out to comply with the liberal Federal Rules of Pleading. A classic formulation of the test often applied to determine the sufficiency of the Complaint was set out by the United States Supreme Court in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), wherein the Court stated:

> . . . In appraising the sufficiency of the Complaint we follow . . . the accepted rule that a Complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

The Court adds that a Complaint may not be dismissed because the plaintiff's claim does not support the legal theory it relies on since the Court must determine if the allegations provide relief on any possible theory. See, Robertson v. Johnston, 376 F.2d 43

/3

(5th Cir. 1967).

The Court notes, however, that in all averments of fraud there is a heightened pleading standard and the circumstances constituting fraud must be stated with particularity. Fed.R.Civ.P. 9(b). "Rule 9(b) must not be read to abrogate Rule 8, however, and a court considering a motion to dismiss for failure to plead fraud with particularity should always be careful to harmonize the directives of Rule 9(b) with a broader policy of notice pleading." Friedlander v. Nims, 755 F.2d 810, 813 n.5 (11th Cir. 1985).

Here, the Court finds that the allegations of fraud contained in Counts II and V of the Plaintiff's Complaint satisfy the requirements of Rule 9(b). The Court further notes that the legal issues raised by the Defendants' Renewed Motion To Dismiss Complaint may be more properly addressed in a Motion For Summary Judgment.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that the Defendants, Broad and Cassel, P.A. and Michael P. Bennett's Renewed Motion To Dismiss Complaint (DE 11) be and the same is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this _____ day of March, 2000.

                                                                WILLIAM J. ZLOCH
                                                                United States District Judge

Copies furnished:
See attached Mailing List

2

THE TERMINIX INTERNATIONAL COMPANY., L.P. and TERMINIX INTERNATIONAL, INC. vs. BROAD AND CASSEL, P.A. and MICHAEL P. BENNETT
<u>CASE NO. 00-6108-CIV-ZLOCH</u>

Myles H. Malman, Esq.
Malman & Associates
12955 Biscayne Boulevard
Suite 202
North Maimi, Florida 33181
For Plaintiffs

Mary L. Wolff, Esq.
Wolff & Ardis, P.C.
6055 Primacy Parkway
Suite 360
Memphis, TN 38119
For Plaintiffs

Isaac J. Mitrani, Esq.
Mitrani, Rynor et al., P.A.
SunTrust International Center
1 S.E. 3rd Avenue, Suite 2200
Miami, Florida 33131
For Defendants