IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FORT LAUDERDALE DIVISION

CASE NO. 00-6108 CIV-ZLOCH

THE TERMINIX INTERNATIONAL
COMPANY, L.P. and TERMINIX
INTERNATIONAL, INC.,

    Plaintiffs,

v.

BROAD AND CASSEL, P.A. and
MICHAEL P. BENNETT, individually,

    Defendants.
_____/

## ANSWER

The defendants, Michael P. Bennett and Broad and Cassel, P.A., (hereinafter "Bennett" and "Broad," respectively), hereby answer the respective numbered paragraphs of the complaint, as follows:

1. The defendants are without knowledge as to the allegations of paragraph 1.

2. The defendants are without knowledge as to the allegations of paragraph 2.

3. The defendants deny the allegations of paragraph 3.

4. The defendants deny the allegations of paragraph 4.

5. The defendants admit the allegations of paragraph 5.

6. The defendants deny the allegations of paragraph 6.

7. The defendants are without knowledge as to the allegations of paragraph 7.



CASE NO. 00-6108 CIV-ZLOCH

8. The defendants are without knowledge as to the allegations of paragraph 8.

9. The defendants admit the allegations of paragraph 9.

10. The defendants admit the allegations of paragraph 10.

11. The defendants deny the allegations of paragraph 11.

12. The defendants deny the allegations of paragraph 12.

13. The defendants deny the allegations of paragraph 13.

14. The defendants admit the allegations of paragraph 14.

15. The defendants deny the allegations of paragraph 15.

16. The defendants admit the allegations of paragraph 16.

17. The defendants admit the allegations of paragraph 17.

18. The defendants admit the allegations of paragraph 18.

19. The defendants admit the allegations of paragraph 19.

20. The defendants admit the allegations of paragraph 20.

21. The defendants deny the allegations of paragraph 21.

22. The defendants deny the allegations of paragraph 22.

23. The defendants deny the allegations of paragraph 23.

24. The defendants deny the allegations of paragraph 24.

25. The defendants deny the allegations of paragraph 25.

26. The defendants admit the allegations of paragraph 26.

27. The defendants deny the allegations of paragraph 27.

28. The defendants admit the allegations of paragraph 28.

CASE NO. 00-6108 CIV-ZLOCH

29. The defendants admit the allegations of paragraph 29.

30. The defendants deny the allegations of paragraph 30.

31. The defendants deny the allegations of paragraph 31.

32. The defendants deny the allegations of paragraph 32.

33. The defendants deny the allegations of paragraph 33.

34. The defendants admit the allegations of paragraph 34.

35. The defendants admit the allegations of paragraph 35.

36. The defendants admit the allegations of paragraph 36.

37. The defendants admit the allegations of paragraph 37.

38. The defendants admit the allegations of paragraph 38.

39. The defendants deny the allegations of paragraph 39.

40. The defendants admit the allegations of paragraph 40.

41. The defendants admit the allegations of paragraph 41.

42. The defendants admit the allegations of paragraph 42.

43. The defendants admit Bennett filed the referenced motion, which was granted by the Court, and otherwise deny the allegations of paragraph 43.

44. The defendants admit they filed the subject motion, and that it was denied, but otherwise deny the allegations of paragraph 44.

45. The defendants deny the allegations of paragraph 45.

46. The defendants admit an order was entered on June 6, 1996; in fact, two orders were entered on this date, both of which speak for themselves. Defendants

CASE NO. 00-6108 CIV-ZLOCH

otherwise deny the allegations of paragraph 46.

47. The defendants admit the filing of the subject motion, which speaks for itself, and otherwise deny the allegations of paragraph 47.

48. The defendants admit that a scheduling conference was held on July 12, 1996, but do not have a transcript of that hearing, and therefore are without knowledge as to the remaining allegations of paragraph 48.

49. The defendants admit the allegations of paragraph 49.

50. The defendants deny the allegations of paragraph 50.

51. The defendants admit that the referenced discovery requests called for production of the documents listed therein, and deny the remaining allegations of paragraph 51.

52. The defendants deny the allegations of paragraph 52.

53. The defendants admit that Bennett sent by fax a letter dated August 9, 1996, which speaks for itself, and otherwise deny the allegations of paragraph 53.

54. The defendants deny the allegations of paragraph 54.

55. The defendants are without knowledge as to when Ms. Rudolph reviewed Bennett's fax, and otherwise admit the allegations of paragraph 55.

56. The defendants admit a fax was sent on August 12, 1997, which speaks for itself; otherwise this paragraph is denied.

57. The defendants deny the allegations of paragraph 57.

58. The defendants admit the allegations of paragraph 58.

CASE NO. 00-6108 CIV-ZLOCH

59. The defendants admit the allegations of paragraph 59.

60. The defendants admit the allegations of paragraph 60.

61. The defendants admit the allegations of paragraph 61.

62. The defendants admit the allegations of paragraph 62.

63. The defendants admit the allegations of paragraph 63.

64. The defendants deny the allegations of paragraph 64.

65. The defendants admit that Mr. Mallory sent a fax, which speaks for itself, and otherwise deny the allegations of paragraph 65.

66. The defendants admit that Mr. Mallory sent a fax, which speaks for itself, and otherwise deny the allegations of paragraph 66.

67. The defendants admit the allegations of paragraph 67.

68. The defendants admit the allegations of paragraph 68.

69. The defendants deny the allegations of paragraph 69.

70. The defendants admit the allegations of paragraph 70.

71. The defendants admit the allegations of paragraph 71.

72. The defendants admit the allegations of paragraph 72.

73. The defendants admit that the Court entered an order on February 11, 1997, but deny that the order was as a result of Bennett's conduct.

74. The defendants admit that Josefsberg filed a notice of appearance in the case, but otherwise deny the allegations of paragraph 74.

75. The defendants admit that the plaintiffs filed a motion for partial summary

CASE NO. 00-6108 CIV-ZLOCH

judgment on or about May 5, 1997, but deny that such motion was necessitated by any need to mitigate the alleged damage caused by Bennett.

76. The defendants admit the allegations of paragraph 76.

77. The defendants are without knowledge as to the allegations of paragraph 77.

78. The defendants admit that the San Pedros' claims were settled at mediation, but are without knowledge as to the amount paid by the plaintiffs in settlement.

79. The defendants are without knowledge as to the allegations of paragraph 79.

80. See paragraphs 1 through 79 above.

81. The defendants deny the allegations of paragraph 81.

82. The defendants deny the allegations of paragraph 82.

83. The defendants deny the allegations of paragraph 83.

84. The defendants deny the allegations of paragraph 84.

85. The defendants deny the allegations of paragraph 85.

86. The defendants deny the allegations of paragraph 86.

87. The defendants deny the allegations of paragraph 87.

88. The defendants deny the allegations of paragraph 88.

89. The defendants deny the allegations of paragraph 89.

90. The defendants deny the allegations of paragraph 90.

91. See paragraphs 1 through 90 above.

92. The defendants deny the allegations of paragraph 92.

93. The defendants deny the allegations of paragraph 93.

CASE NO. 00-6108 CIV-ZLOCH

94. The defendants deny the allegations of paragraph 94.

95. The defendants deny the allegations of paragraph 95.

96. The defendants deny the allegations of paragraph 96.

97. The defendants deny the allegations of paragraph 97.

98. The defendants deny the allegations of paragraph 98.

99. The defendants deny the allegations of paragraph 99.

100. The defendants deny the allegations of paragraph 100.

101. The defendants deny the allegations of paragraph 101.

102. The defendants deny the allegations of paragraph 102.

103. See paragraphs 1 through 102 above.

104. The defendants deny the allegations of paragraph 104.

105. The defendants deny the allegations of paragraph 105.

106. The defendants deny the allegations of paragraph 106.

107. See paragraphs 1 through 106 above.

108. The defendants deny the allegations of paragraph 108.

109. The defendants deny the allegations of paragraph 109.

110. The defendants deny the allegations of paragraph 110.

111. The defendants deny the allegations of paragraph 111.

112. The defendants deny the allegations of paragraph 112.

113. The defendants deny the allegations of paragraph 113.

114. See paragraphs 1 through 113 above.

CASE NO. 00-6108 CIV-ZLOCH

115. The defendants deny the allegations of paragraph 115.

116. The defendants deny the allegations of paragraph 116.

117. The defendants deny the allegations of paragraph 117.

118. The defendants deny the allegations of paragraph 118.

119. The defendants deny the allegations of paragraph 119.

120. The defendants deny the allegations of paragraph 120.

121. The defendants deny the allegations of paragraph 121.

## AFFIRMATIVE DEFENSES

1. The plaintiffs' alleged damages were caused wholly or in part by the plaintiffs' own negligent failure to comply with the Court's orders following the termination of the attorney-client relationship between the plaintiffs and the defendants.

2. The defendant(s) are entitled to a setoff against any damages awarded to the plaintiffs in the amount of any unpaid legal fees and costs owed by the plaintiffs for services in the San Pedro litigation.

3. The plaintiffs' alleged damages were caused wholly or in part by the negligence of the plaintiffs' other counsel in the San Pedro matter, James M. Nicholas.

4. This action is barred by the two-year statute of limitations provided for by Florida Statutes section 95.11(4)(a).

5. The plaintiffs have waived any claim they may have had by entering into a settlement of the San Pedro action prior to a judicial determination of the merits of the San Pedros' claims or Terminix's defenses thereto.

CASE NO. 00-6108 CIV-ZLOCH

6. The defendants are protected from liability for their conduct of the <u>San Pedro</u> litigation based on the doctrine of judgmental immunity.

7. The actions taken by Bennett were taken at the direction or with the approval of, or were ratified by, Terminix.

8. Terminix's claims are barred by the doctrine of unclean hands, because Terminix's settlement of the <u>San Pedro</u> suit for an amount greater than a reasonable settlement figure was due to Terminix's desire to avoid further adverse publicity or disclosures regarding its allegedly fraudulent business practices.

9. Terminix is precluded from maintaining its claims due to Terminix's termination of Bennett and his law firm at a point at which any adverse consequences resulting from Bennett's alleged actions could have been, or in fact were, remedied or mitigated by Terminix's new counsel.

10. Any rulings adverse to Terminix in the <u>San Pedro</u> case were not the result of any action of Bennett, but were instead the result of judicial error for which Bennett and his firm cannot be held liable.

11. There is no subject matter jurisdiction.

CASE NO. 00-6108 CIV-ZLOCH

Respectfully submitted,

MITRANI, RYNOR, ADAMSKY,
 MACAULAY & ZORRILLA, P.A.
2200 SunTrust International Center
One Southeast Third Avenue
Miami, Florida 33131
Tel.: 305/358-0050
Fax: 305/358-0550

By: _____
Isaac J. Mitrani
Florida Bar No. 348538
Pamela Chamberlin
Florida Bar No. 444006
Attorneys for Defendants
Broad and Cassel, P.A. and
Michael P. Bennett

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by mail this 30 day of March, 2000, to Myles H. Malman, Esq., Malman & Associates, 12955 Biscayne Boulevard, Suite 202, N. Miami, FL 33181, and Mary L. Wolff, Esq., Wolff Ardis, P.C., 6055 Primacy Parkway, Suite 360, Memphis, TN 38119, Attorneys for Plaintiffs.

_____
Isaac J. Mitrani

broad/terminix/pldg/answer