**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

THE TERMINIX INTERNATIONAL  CASE NO. 00-6108-CIV-ZLOCH *Hoch*
COMPANY, L.P. and TERMINIX  MAGISTRATE JUDGE SELTZER
INTERNATIONAL, INC.,

      Plaintiffs,

vs.

BROAD AND CASSEL, P.A. and
MICHAEL P. BENNETT, Individually,

      Defendants.



_____/

## PLAINTIFFS' MOTION FOR PROTECTIVE ORDER

Plaintiffs, Terminix International Company, L. P. and Terminix International, Inc. (hereinafter collectively referred to as "Terminix"), by and through counsel, respectfully request that this Honorable Court issue a Protective Order pursuant to Fed. R. Civ. P. 26(c) relieving Terminix from any obligation to respond to the Defendants' Second Request for Production of Documents and ordering that such discovery not be had. In support thereof Terminix shows as follows:

1.  On April 12, 2000 the Defendants served their Second Request for Production of Documents ("Second Requests") on Terminix, a copy of which is attached hereto as Exhibit A.

2.  Shortly after Defendants' Second Requests were served, the parties agreed to mediate this matter. Pending mediation, the parties agreed to toll all discovery in this case. (See May 10, 2000 letter attached hereto as Exhibit B.) Consequently Terminix was not obligated until now to respond to these Second Requests.

3. As set forth in detail in the accompanying memorandum, Defendants' Second Requests are vexatious and were served solely to cause Plaintiffs annoyance, oppression and undue burden and expense. Specifically, the documents sought are not relevant to the issues at hand nor is production of these documents likely to lead to the discovery of admissible evidence. In fact, Terminix maintains that the Defendants crafted these discovery requests in such a manner as to require Terminix to expend hundreds of hours reviewing irrelevant documents and preparing an extensive privilege log solely to harass and annoy and cause Terminix undue burden and expense.

4. Pursuant to Fed. R. Civ. P. 26 and S.D. Fla. L.R. 26.1(I), counsel for Terminix has conferred with counsel for the Defendants in a good faith effort to resolve the issues raised in this motion but has been unable to do so.

5. WHEREFORE, the Plaintiffs Terminix International Company, L.P., and Terminix International, Inc. respectfully request that the Court relieve them from any obligation to respond to Defendants' Second Requests, ordering that the requested discovery not be had, and all other relief the Court deems just and proper.

Respectfully submitted,

MALMAN & ASSOCIATES
Attorneys for Plaintiff
12955 Biscayne Boulevard #202
North Miami, Florida 33181
(305) 891-0066

By: _____
Jonathan H. Rosenthal
Florida Bar No. 126764

Of Counsel:

Mary L. Wolff
WOLFF ARDIS, P.C.
6055 Primacy Parkway, Suite 360
Memphis, Tennessee 38119
(901) 763-3336

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing was sent via United States mail to Isaac J. Mitrani, Esquire, Mitrani, Rynor, Adamsky, Macaulay & Zorrilla, P.A., 2200 Suntrust International Center, One Southeast Third Avenue, Miami, Florida 33131 this 7th day of August, 2000.

BY: _____
Jonathan H. Rosenthal

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

APR 1 4 2000

CASE NO. 00-6108 CIV-ZLOCH

THE TERMINIX INTERNATIONAL
COMPANY, L.P. and TERMINIX
INTERNATIONAL, INC.,

    Plaintiffs,

v.

BROAD AND CASSEL, P.A. and
MICHAEL P. BENNETT, individually,

    Defendants.
_____/

## DEFENDANTS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

The defendants, Michael P. Bennett and Broad and Cassel, P.A., propound the following requests for production of documents upon the plaintiffs, Terminix International Company, L.P. and Terminix International, Inc., and request that they be responded to separately, fully and in writing within thirty (30) days of service pursuant to rule 34 of the Federal Rules of Civil Procedure and rule 26.1.G of the Local Rules of the Southern District of Florida.

## DEFINITIONS

a    The words "you," "yours" and/or "yourselves" means Terminix International Company, L.P. or Terminix International, Inc and any directors, officers, employees, agents, representatives or other persons acting, or purporting to act, on behalf of Terminix



PLAINTIFF'S EXHIBIT A

CASE NO. 00-6108 CIV-ZLOCH

International Company, L.P. or Terminix International, Inc.

b    The singular shall include the plural and vice versa; the terms "and" or "or" shall be both conjunctive and disjunctive; and the term "including" mean "including without limitation."

c    "Date" shall mean the exact date, month and year, if ascertainable or, if not, the best approximation of the date (based upon relationship with other events).

d    The word "document" shall mean any writing, recording or photograph in your actual or constructive possession, custody, care or control, which pertain directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this action, or which are themselves listed below as specific documents, including, but not limited to: correspondence, memoranda, notes, messages, diaries, minutes, books, reports, charts, ledgers, invoices, computer printouts, microfilms, video tapes or tape recordings.

e    "Agent" shall mean: any agent, employee, officer, director, attorney, independent contractor or any other person acting at the direction of or on behalf of another.

f    "Person" shall mean any individual, corporation, proprietorship, partnership, trust, association or any other entity.

g    The words "pertain to" or "pertaining to" mean: relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts or

-2-

CASE NO. 00-6108 CIV-ZLOCH

contradicts.

h    The term "third party" or "third parties" refers to individuals or entities that are not a party to this action.

i    The term "action" shall mean the above-captioned action pending in the Unites States District Court for the Southern District of Florida.

j    The word "identify", when used in reference to a document, means and includes the name and address of the custodian of the document, the location of the document, and a general description of the document, including (1) the type of document (i.e., correspondence, memorandum, facsimile etc.); (2) the general subject matter of the document; (3) the date of the document; (4) the author of the document; (5) the addressee of the document; and (6) the relationship of the author and addressee to each other.

## INSTRUCTIONS

If you object to fully identifying a document or oral communication because of a privilege, you must nevertheless provide the following information pursuant to rule 26.1.G.6.(b) of the Local Rules of the Southern District of Florida, unless divulging the information would disclose the privileged information:

1.    the nature of the privilege claimed (including work product);

2.    if the privilege is being asserted in connection with a claim or defense governed by state law, the state privilege rule being invoked;

3.    the date of the document or oral communication;

-3-

4.  if a document: its type (correspondence, memorandum, facsimile etc.), custodian, location, and such other information sufficient to identify the document for a subpoena duces tecum or a document request, including where appropriate the author, the addressee, and, if not apparent, the relationship between the author and addressee;

5.  if an oral communication: the place where it was made, the names of the persons present while it was made, and, if not apparent, the relationship of the persons present to the declarant; and

6.  the general subject matter of the document or oral communication.

You are under a continuous obligation to supplement your answers to these interrogatories under the circumstances specified in rule 26(e) of the Federal Rules of Civil Procedure.

All documents shall be produced at the offices of the undersigned within 30 days of the date of service of this request, absent prior agreement of the parties.

## REQUESTS FOR PRODUCTION

1.  All documents relating to the investigation of Terminix by the State of Florida that resulted a settlement between Terminix and the State in May 1997.

2.  All transcripts of hearings conducted by the State of Florida in connection with its investigation of Terminix that resulted in a settlement in May 1997.

3.  All documents relating to the settlement between Terminix and the State of Florida in May 1997.

CASE NO. 00-6108 CIV-ZLOCH

4. All documents relating to any investigations of or claims against Terminix by any state or local government agencies outside of Florida for any alleged deceptive consumer practices during the past ten years.

5. All documents that you produced to or made available for inspection by the plaintiffs in the case of <u>San Pedro v. Terminix</u>, Case No. 95-8204-CIV-Gonzalez, whether in response to discovery requests, in compliance with court orders, or by agreement of the parties.

> MITRANI, RYNOR, ADAMSKY,
> MACAULAY & ZORRILLA, P.A.
> 2200 SunTrust International Center
> One Southeast Third Avenue
> Miami, Florida 33131
> Tel.: 305/358-0050
> Fax: 305/358-0550
>
> By:_____
> Isaac J. Mitrani
> Florida Bar No. 348538
> Pamela Chamberlin
> Florida Bar No. 444006

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served by fax and first-class U.S. Mail this 12th day of APRIL, 2000, upon Myles H. Malman, Esq., Malman & Associates, 12955 Biscayne Boulevard, Suite 202, Miami, FL 33181, Attorneys for Plaintiffs, and Mary L. Wolff, Esq., Wolff Ardis, P.C., 6055 Primacy Parkway, Suite 360, Memphis TN 38119, Attorneys for Plaintiffs.

_____
Isaac J. Mitrani

broad/terminix/pldg/2nd r-prod

-5-

**WOLFF ARDIS, P.C.**
ATTORNEYS AT LAW

(901) 763-3336
TELECOPIER:
(901) 763-3376

6055 PRIMACY PARKWAY
SUITE 360
MEMPHIS, TENNESSEE 38119-5776

May 10, 2000

**VIA FAX**

Isaac J. Mitrani
Mitrani, Rynor, Adamsky,
 Macaulay & Zorrilla, P.A.
2200 Suntrust International Center
One Southeast Third Avenue
Miami, FL 33131

Re:    Terminix v. Broad and Cassel and Michael P. Bennett

Dear Isaac:

This will confirm our phone conversation of today's date wherein we discussed the status of discovery in this matter. I told you that pursuant to our earlier discussions and Terminix's responses to requests for production, that we had currently Bates stamped and prepared for production a copy of all of the pleadings in the San Pedro case which were filed after Michael Bennett withdrew from the case. I agreed to forward those documents to you as soon as possible. With the exception of those documents, we agreed to toll all discovery in the case pending the conclusion of mediation.

If this does not accurately reflect our agreement, please let me know as soon as possible.

Very truly yours,

WOLFF ARDIS, P.C.

By: Mary L. Wolff
   Mary L. Wolff

MLW/cel



PLAINTIFF'S
EXHIBIT
B