IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6108 CIV-HUCK

THE TERMINIX INTERNATIONAL
COMPANY, L.P. and TERMINIX
INTERNATIONAL, INC.,

    Plaintiffs,

vs.

BROAD AND CASSEL, P.A. and
MICHAEL P. BENNETT,

    Defendants.
_____/



**MOTION FOR ENLARGEMENT OF TIME
TO RESPOND TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

    Plaintiffs, The Terminix International Company, L.P. and Terminix International, Inc. ("Terminix"), pursuant to Rule 6(b), Federal Rules of Civil Procedure, request an enlargement of time, up to and including October 31, 2000, to respond to Defendants' Motion for Summary Judgment. In support, Terminix states:

    1.   On October 3, 2000, undersigned counsel served a Notice of Substitution of Counsel, substituting David Moffett, Esquire and the law firm of Rissman, Weisberg, Barrett, Hurt, Donahue and McLain, P.A. as counsel for Terminix in place and instead of Miles H. Malman, Esquire of Malman and Associates and Mary L. Wolff, of Wolff Ardis, P.C.

    2.   Defendants' Motion for Summary Judgment indicates by certificate of service that the Motion was mailed Friday, September 29, 2000. The motion was not received by undersigned counsel until October 3, 2000. The Appendix was received on


NON-COMPLIANCE OF S.D. Fla. L.R.



October 4, 2000. A response to Defendants' Motion is due on or before October 16, 2000.

3. This case is a legal malpractice case arising from Defendants' representation of Terminix in <u>San Pedro v. Terminix</u>, Case No. 95-8204-CIV-GONZALES, filed in April 1995. In August of 1996, Terminix discharged Defendants and retained new counsel.

4. Terminix's malpractice case against Defendants depends, to a large degree, on developments that transpired during the three and one-half years the <u>San Pedro</u> case was in litigation, and the voluminous documents generated by that litigation. Combined, the documents fill five (5) shipping boxes. These documents have arrived but have not been examined at all.

5. Undersigned counsel needs a reasonable period of time to become familiar with the facts and key documents in support of Terminix's legal malpractice claim against Defendants. Undersigned counsel agrees to apply great diligence in reviewing and analyzing the facts and documents in order to become familiar with this case.

6. Undersigned counsel has a planned week's absence between October 9, 2000 and October 17, 2000. Undersigned counsel will be outside the State of Florida on a family vacation and it would work an unfair hardship to require undersigned counsel to cancel those plans in the face of this recently served Motion for Summary Judgment.

7. Undersigned counsel has contacted Defense counsel, Isaac Mitrani, about this Motion for Enlargement of Time. Mr. Mitrani

agrees to an enlargement of time up to and including October 31, 2000.

9. Defendants would not be unfairly prejudiced by Terminix's requested enlargement of time. However, Terminix would be unfairly prejudiced if this motion were not granted.

WHEREFORE, Terminix requests an enlargement of time up to Tuesday, October 31, 2000 to prepare and serve its response in opposition to Defendants' Motion for Summary Judgment.

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by mail this 5th day of October, 2000 to; Isaac J. Mitrani, Esq., 2200 SunTrust International Center, One Southeast Third Avenue, Miami, FL 33131.

_____
DAVID B. MOFFETT
Florida Bar No. 336750
Rissman, Weisberg, Barrett,
Hurt, Donahue & McLain, P.A.
201 E. Pine Street, 15th Floor
Orlando, FL 32801
407/839-0120
Attorneys For Plaintiffs

jb

3