00-6108.o1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6108 CIV HUCK

THE TERMINIX INTERNATIONAL
COMPANY, L.P. and TERMINIX
INTERNATIONAL, INC.,

    Plaintiff,
vs.

BROAD AND CASSEL, P.A. and
MICHAEL P. BENNETT, Individually,

    Defendant.
_____/



## ORDER DENYING MOTION FOR PROTECTIVE ORDER

**This matter** is before this Court on Plaintiffs' Motion for Protective Order, filed August 7, 2000. The Court has considered the motion, the response, the reply, and all pertinent materials in the file. The basic problem with plaintiffs' position is that they wish to make the test of production whether or not something is relevant and admissible in the trial of this case. That is not the test. The test, simply stated is whether the materials sought are reasonably calculated to lead to the discovery of relevant and/or material evidence in the case.[1]

This Court agrees that it can be argued that the investigation of Terminix by a governmental agency may not be relevant to whether defendants committed malpractice. However, one of the issues is the amount for which plaintiff settled. Plaintiff contends that it settled for an "excessive

---

[1] This Court has not addressed each and every claim of plaintiff in this order.

1

amount" because of defendant's malpractice. Defendants contend that part of (if not all of) the reason for the high settlement was some concern about adverse exposure. Defendants are entitled to seek discovery that is reasonably calculated to lead to admissible evidence on this issue. This is actually inferentially supported in plaintiff's own memorandum of law. "[O]ne of the reasons Terminix settled the San Pedros Litigation for more than it was worth was to avoid having to produce privileged documents relating to numerous other pieces of litigation..." (page 9 of the Memorandum of Law).

Another of plaintiff's arguments against production is that "[D]efendants are seeking production of the same documents from all ServiceMaster companies..." (page 10 of the motion). Though this Court disagrees with that statement, it need not be decided as defendants have confirmed such is not the case in their response (see pages 5-6 of the response).

Finally, another argument of plaintiff relies on a piece of correspondence from counsel for Terminix to show the matter is, apparently, not relevant (see page 3 of the reply). They claim "the direct evidence is to the contrary". This Court (and defendants) is not bound by that lone piece of information, particularly at the discovery stage.

Therefore, the Court being otherwise fully advised in the premises it is hereby **ORDERED AND ADJUDGED** that said motion be and the same is hereby **DENIED**. The materials sought (other than privileged documents for which an appropriate log must be filed), shall be produced within ten (10) days from the date of this order.

matters which are the subject of this hearing).

**DONE AND ORDERED** this 27th day of October, 2000, at Miami, Florida.

                                        STEPHEN T. BROWN
                                        U.S. MAGISTRATE JUDGE

cc:    Honorable Paul C Huck
        Jonathan H. Rosenthal, Esq.
        Mary L. Wolff, Esq.
        Isaac J. Mitrani, Esq.